**DONG LAI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–2512–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

Peter D. Lobel, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Ernesto H. Molina, Assistant Director, Anthony P. Nicastro, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Dong Lai Chen, a native and citizen of the People's Republic of China, seeks review of a April 25, 2008 order of the BIA denying her appeal of Immigration Judge ("IJ") Steven R. Abrams' order denying her motion to rescind an *in absentia* removal order previously entered against her. *In re Dong Lai Chen,* No. A79 783 316 (B.I.A. Apr. 25, 2008), *aff'g* No. A79 783 316 (Immig. Ct. N.Y. City May 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the findings and conclusions of the IJ and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of the IJ's decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the BIA's denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006).

Where, as here, an alien or her attorney is given written notice of a removal hearing[1] and the alien nevertheless fails to appear, an *in absentia* order of removal may be rescinded only if the alien files a motion to reopen with the IJ within 180 days after the date of the order of removal and demonstrates in her motion that her failure to appear was due to "exceptional circumstances." 8 U.S.C.

1. In her brief to this Court Chen does not challenge the BIA's findings regarding either her claim that she lacked notice of the November 2005 hearing or her claim that she was not afforded procedural due process. Because Chen has failed to set forth any argument challenging the BIA's denial of those claims, and because addressing those claims does not appear to be necessary to avoid manifest injustice, we deem those claims waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

§ 1229a(b)(5)(C)(i). "Exceptional circumstances are defined as 'circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) *beyond the control of the alien.*'" *See Alrefae,* 471 F.3d at 358 (*quoting* 8 U.S.C. § 1229a(e)(1) (emphasis added)). The BIA's standard for exceptional circumstances "appears fairly stringent, both in terms of the required severity of the circumstances and the proof required to establish a claim." *Id.* (citations omitted). Here, the BIA did not abuse its discretion in denying Chen's motion for failure to demonstrate exceptional circumstances excusing her absence from her November 2005 hearing.

When Chen was advised at her September 2004 hearing that the government would produce her ex-husband as a witness at the following hearing, Chen replied, "Okay." She did not express any fear of her ex-husband, nor did she request that special arrangements be made so that she would not have to appear in court with him. Moreover, while Chen claimed for the first time in her affidavit filed with the IJ in January 2005 that her ex-husband had "beat[en][her] several times," she expressed no fear or apprehension about appearing in the same courtroom as him. Further, at the November 2005 hearing at which Chen failed to appear, her attorney informed the IJ that she was unable to appear because she was "ill." As the BIA noted, Chen's attorney provided "[n]o documentation or specific information regarding the nature and extent of [Chen's] illness," and he made no mention of any fear that Chen may have had concerning her ex-husband.

Chen had 14 months, beginning with the September 2004 hearing and ending with the November 2005 hearing at which she failed to appear, within which to inform her attorney and the Court of her fear of her ex-husband and to request that she and her ex-husband not appear in court together. Under these circumstances, the BIA did not abuse its discretion in determining that Chen failed to establish "exceptional circumstances" that were "beyond [her] control," as required by 8 U.S.C. § 1229a(e)(1) for missing the scheduled hearing. *See Alrefae,* 471 F.3d at 358 (citation omitted). We find no error in the BIA's decision denying Chen's motion to rescind the *in absentia* removal order previously entered against her.

For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).